JOURNAL ENTRY AND OPINION
This is a consolidated appeal by plaintiff-appellant Allstate Insurance Company from the trial court's order denying Allstate's motion for summary judgment seeking declaratory judgment that Allstate had no duty to defend the defendants-appellees Dewanna and Jose Soto; the trial court's granting of defendants' motion for summary judgment finding that Allstate had a duty to defend the defendants; and the trial court's award of attorney fees to defendants. We find that Allstate's appeal does not constitute a final appealable order and accordingly dismiss the appeal.
The facts surrounding this case arise out of an action plaintiff-appellee William J. Antel filed against defendants-appellees Dewanna and Jose Soto and their son Ryan on October 16, 1998. (C.P. No. 368044). In his complaint Antel alleged that Ryan Soto struck him with a baseball bat on June 21, 1998 and was liable for civil damages. Antel also alleged that Ryan Soto's parents, Dewanna and Jose Soto, were liable in the statutory amount of $10,000, pursuant to R.C. 3109.10, for their son's assault and were also liable for the negligent supervision of their son.
Defendants Dewanna and Jose Soto contacted Allstate which was the insurer on their homeowner's policy. Allstate subsequently filed an answer on the parents' behalf and a separate answer on behalf of Ryan Soto. The parties thereafter proceeded with discovery. On September 1, 1999, after discovery was completed, Allstate sent Dewanna and Jose Soto a letter informing them that Allstate had no duty to defend or indemnify under the policy as the claim of negligent supervision did not constitute an occurrence pursuant to the policy and there was no coverage for claims under R.C. 3109.10. Allstate also sent a letter to Ryan Soto on September 28, 1999 advising him that since his actions were intentional, that Allstate could no longer represent him.
Thereafter, the Sotos retained their own personal attorney to represent them. Their new counsel filed a third-party complaint against Allstate on January 18, 2000. The third-party complaint alleged that Allstate breached the insurance contract it had with the Sotos by not defending or indemnifying them; that Allstate acted in bad faith; and also sought declaratory relief declaring Allstate had a duty to defend and indemnify them.
Allstate answered the third-party complaint but previous to the third-party complaint filed its own separate declaratory judgment action in C.P. No. 399682 on January 7, 2000 requesting the trial court to declare that it had no duty to defend or indemnify. Allstate's declaratory judgment action was subsequently consolidated with the underlying tort action in C.P. No. 368044.
On February 25, 2000, Allstate filed a motion for summary judgment on its declaratory judgment complaint alleging that since the claims against the parents did not constitute an occurrence under the policy, it had no duty to defend or indemnify. On February 29, 2000, the Sotos filed a motion for summary judgment on their third-party complaint alleging Allstate had a duty to defend and indemnify and requested attorney fees for bringing the action to get Allstate to comply with this duty and also alleged that Allstate breached the policy and acted in bad faith. Oppositions were filed by the respective parties.
On May 25, 2000, the trial court denied Allstate's motion for summary judgment and granted the Soto's motion for summary judgment in part, stating as follows:
 Defendant Allstate Insurance Company's 2-25-00 Motion for Summary Judgment is Denied, Defendant Sotos 2-29-00 Motion for Summary Judgment is Granted only in part. Allstate is required to provide the defense of Ryan, Jose and DeWanna Soto; this Court will determine Allstate's duty to indemnify subsequent to the Jury Trial. The Sotos [sic] request for attorney fees is Granted; the remainder of the Soto's motion for summary judgment is Denied.
 Whether or not deft. Ryan Soto committed intentional acts upon plt. are issues to be determined by the trier of fact and not to be ruled upon by the court as a matter of law as genuine issues of material fact exist.
Allstate filed notices of appeal from the trial court's denial of its motion for summary judgment, the granting of the Sotos' summary judgment and the award of attorney fees. Allstate filed a motion with the trial court to stay the action pending appeal, which the trial court denied. This Court subsequently granted the stay on June 20, 2000. Allstate appeals assigning four assignments of error.
 I. THE TRIAL COURT'S ORDER OF MAY 25, 2000 IS A FINAL APPEALABLE ORDER HAVING BEEN ENTERED IN A DECLARATORY JUDGMENT ACTION AND AS PART OF A THIRD PARTY COMPLAINT FOR DECLARATORY JUDGMENT SAID RULING, THEREFORE, HAVING BEEN MADE IN A SPECIAL PROCEEDING WHICH WILL CAUSE FINAL IRREPARABLE HARM TO ALLSTATE INSURANCE COMPANY.
 II. THE TRIAL COURT ERRED IN HOLDING THAT ALLSTATE INSURANCE COMPANY HAD AN OBLIGATION TO DEFEND AND/OR INDEMNIFY RYAN J. SOTO FOR HIS ACTION OF STRIKING THE PLAINTIFF WITH A BASEBALL BAT.
 III. THE INSURANCE COMPANY IS NOT OBLIGATED TO DEFEND OR INDEMNIFY THE PARENTS OF A MINOR WHEN A CLAIM IS BROUGHT BASED ON R.C. S3109.10.
 IV. THERE IS NO OCCURRENCE EXISTENT IN THIS MATTER AND, THEREFORE, ALLSTATE INSURANCE COMPANY DOES NOT HAVE THE OBLIGATION TO DEFEND OR INDEMNIFY DEWANNA 
JOSE SOTO FOR CLAIMS OF NEGLIGENT SUPERVISION.
Before we address the merits of the appeal, we must first determine whether the matters appealed from constitute final appealable orders as asserted by Allstate in its first assignment of error. The Sotos filed a motion to dismiss this appeal on the basis that the trial court's order is not final.
This Court has jurisdiction only over final, appealable orders. Section3(B)(2), Article IV of the Ohio Constitution. If an order is not final, then an appellate court has no jurisdiction. General Acc. Ins. v. Ins. Co. of North America (1989), 44 Ohio St.3d 17, 20; Noble v. Colwell (1989), 44 Ohio St.3d 92, 94. R.C. 2505.02(B) defines a final order as:
 (B) An order is final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines and prevents judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy * * *.
An order is a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met.
 An appellate court, when determining whether a judgment is final, must engage in a two-step analysis. First, it must determine if the order is final within the requirements of R.C. 2505.02. If the court finds that the order complies with R.C. 2505.02
and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required.
General Acc. Ins. v. Ins. Co. of North America (1989), 44 Ohio St.3d 17,20; See, also, Noble, supra, at syllabus.
Since the actions before us evolve out of declaratory judgment proceedings, we find that the first part of R.C. 2505.02 is met, as a declaratory judgment action regarding an insurance company's duty to defend has been found to constitute a special remedy which affects a substantial right. Gen. Accident Ins., supra, at 22. However, unlike in General Acc. Ins. Co., supra, we do not find that the requirement of Civ.R. 54(B) has been met. Civ.R. 54(B) states:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determinationthat there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.
In the case herein, claims still remain pending. Allstate's declaratory judgment action was consolidated with the underlying tort action which still remains pending. Allstate's claim in its declaratory judgment action that it has no duty to indemnify the Sotos is also still pending as the trial court explicitly reserved ruling on this issue until after the jury trial. Furthermore, not all of the claims in the Sotos third-party complaint have been resolved as their claim that Allstate has a duty to indemnify them, that Allstate breached its contract and acted in bad faith are all still pending.
We also note that the trial court's judgment does not contain Civ.R. 54(B) language indicating that there is not just reason for delaying the appeal of the judgment. Therefore, since claims remain pending and the trial court did not indicate that there was no just reason for delay, we find Allstate's appeal is not a final, appealable order. See The Cincinnati Ins. Co. v. Colelli Associates, Inc. (Apr. 5, 2000), Wayne App. No. 99CA0028, unreported (since issues regarding indemnification and counterclaim were not resolved and order did not contain Civ.R. 54(B) language, trial court's order regarding duty to defend and attorney fees was not a final appealable order); Ohio Farmers Insurance Co. v. Perry (Aug. 8, 1997), Ashtabula App. No. 96-A-0065, unreported (although declaratory judgment and underlying tort cases were consolidated, trial court rendered judgment on all claims and actions therefore there are no pending claims and the requirements of Civ.R. 54(B) are not triggered and trial court's ruling on insurance company's duty to defend is final order); Permanent Floors, Inc. v. The Cincinnati Ins. Co. (Sept. 29, 1994), Cuyahoga App. No. 66110, unreported (prior appeal dismissed because trial court only ruled on duty to defend and claims remained pending); Dickens v. Ogdin (Nov. 24, 1993), Meigs App. No. 498, unreported (since claims remained pending and judgment did not contain Civ.R. 54(B) language, trial court's finding insurance company had no duty to defend is not a final appealable order). Accordingly, we find the judgment is not a final appealable order and dismiss the appeal for lack of jurisdiction.
It is ordered that appellees recover of appellant their costs herein taxed.
 _________________________ JAMES M. PORTER, JUDGE
DYKE, A.J., and TIMOTHY E. McMONAGLE, J., CONCUR.